UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                                                                   :
JOSEPH HERNANDEZ,                                                  :
                                                                   :
                              Plaintiff,                           :          25-CV-05917 (JAV)
                                                                   :
              -v-                                                  :          ORDER OF DISMISSAL
                                                                   :
THE CITY OF NEW YORK, et al.,                                      :
                                                                   :
                              Defendants.                          :
-------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

On October 9, 2025, counsel for Joseph Hernandez filed a motion to withdraw as attorney.  ECF No. 17.  That same day, the Court ordered that any opposition to the motion be filed by October 23, 2025.  ECF No. 19.  No opposition to the motion was filed.  On October 31, 2025, following a hearing held on the motion, the Court granted the motion to withdraw.  ECF No. 22.

The Court issued an order permitting Plaintiff until December 29, 2025, to retain counsel or appear *pro se* in this matter.  *Id.*  The Court warned that if Plaintiff (either personally or through new counsel) failed to appear by that date, or request an extension of time to seek counsel, it may lead to a dismissal of the case for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure.  To date, no counsel has entered an appearance on Plaintiff's behalf.  Nor has Plaintiff indicated an intent to represent himself *pro se*.

On January 6, 2026, the Court ordered Plaintiff to "show good cause in writing as to why this case should not be dismissed for abandonment or failure to prosecute pursuant to Rule 41 of the Federal Rules of Civil Procedure" by January 13, 2026.  ECF No. 24.  To date, the Court has not received any submission from Plaintiff in response to the order to show cause.

The Supreme Court and the Second Circuit have long recognized that federal courts are vested with the authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, a power that is "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.,* 370 U.S. 626, 629-30 (1962); *see also United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250 (2d Cir. 2004).  Because dismissal is "one of the harshest sanctions at a trial court's disposal," it must be "reserved for use only in the most extreme circumstances." *Drake*, 375 F.3d at 251.  In determining whether dismissal is appropriate, the Court must assess whether "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Plaintiff has failed to retain new counsel, nor made any indication of his intent to represent himself in this matter.  Plaintiff has not made an application for an extension of time to seek counsel.  Plaintiff did not comply with the Court's October 31, 2025 Order.  Plaintiff was put on notice by the Court's October 31, 2025 Order that any failure to comply with the Court's order could result in dismissal of his case for failure to prosecute.  Dismissal of the case is therefore warranted.  Given Plaintiff's *pro se* status, the Court finds that dismissal without prejudice is more appropriate than dismissal with prejudice.  *See Waters v. Camacho*, 288 F.R.D. 70, 71 (S.D.N.Y. 2013) (finding that "the lesser sanction of dismissal without prejudice . . . is appropriate in order to strike the appropriate balance between the right to due process and the

2

need to clear the docket and avoid prejudice to defendants" (internal quotation marks omitted)).

Accordingly, it is hereby ORDERED that the case is dismissed without prejudice for failure to prosecute. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 29, 2026
      New York, New York                              JEANNETTE A. VARGAS
                                             United States District Judge

3